UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL DEMAR JINGLES, | Case No. 3:22-cv-00252-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WARDEN BACA, *et al.*, | |
| Respondents. | |

**I.   SUMMARY**

Before the Court are *pro se* Petitioner Michael DeMar Jingles's response to the Court's dismissal order (ECF No. 9 ("Response")) and motion to allow equitable tolling (ECF No. 10 ("Motion")) in this closed habeas matter. For the reasons discussed below, the Court construes Jingles's Response as a motion to alter or amend the judgment. The Court grants the Response and vacates its dismissal order and judgment. However, because Jingles's Motion fails to show cause why this case should not be dismissed as time-barred, the Court dismisses this case with prejudice as time-barred.

**II.   FEDERAL HABEAS PROCEEDINGS**

Jingles initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 7 ("Petition").) The Court completed an initial review under Rule Four of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF No. 5.) In that initial review, the Court determined that Jingles's Petition, which was filed almost two years after the statute of limitations had run, was untimely on its face. (*Id.* at 3.) As such, the Court ordered Jingles to show cause why the Petition should not be dismissed with prejudice as time-barred under § 2244(d). (*Id.* at 4.) The Court warned that if Jingles did not respond to the order to show cause within 45 days, the Petition would be dismissed with prejudice and without further advance notice. (*Id.*) That 45-day

deadline expired on August 19, 2022. Because Jingles did not respond to the order to show cause, request an extension of time, or take any other action to prosecute this case by the deadline, the Court dismissed the Petition with prejudice on August 23, 2022. (ECF No. 6.) Judgement was entered the same day. (ECF No. 8.)

### III.  MOTION TO ALTER OR AMEND THE JUDGMENT

Rule 59(e) of the Federal Rules of Civil Procedure states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A post-judgment motion for reconsideration in a habeas proceeding, filed within 28 days of entry of the judgment, is properly construed as a motion to alter or amend the judgment under Rule 59(e). *See Rishor v. Ferguson*, 822 F.3d 482, 489-90 (9th Cir. 2016) (citation omitted).

Although the Response does not clearly state the relief Jingles seeks, it appears that he wants the Court to reconsider the dismissal of his Petition. Jingles filed his Response eight days following entry of the judgment. As such, the Court construes the Response as a motion to alter or amend the judgment under Rule 59(e).

As the Ninth Circuit has recognized, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491-92; *see also Wood*, 759 F.3d at 1121 (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). This list is not exhaustive as the Ninth Circuit has also noted that "other, highly unusual, circumstances" may warrant reconsideration. *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his Response, Jingles explains that he missed the August 19, 2022, deadline to respond to the order to show cause "due to unforeseen extenuating circumstances." (ECF

No. 9 at 1.) First, Jingles explains that the law library at the Northern Nevada Correctional Center only services his facility, the Stewart Conservation Camp, twice a week. (*Id.*) Jingles also explains that the prison notary does not accept prison identification cards, so his ability to timely get his affidavit notarized was impeded.[1] (*Id.*) Finally, Jingles explains that several of the documents supporting his response to the order to show cause were delayed in the mail. (*Id.* at 2.)

Based on (1) these representations, which show that Jingles was allegedly diligently working to respond to the order to show cause, (2) the fact that Jingles filed his Motion responding to the order to show cause simultaneous with his Response, and (3) the Motion and Response being filed only one week after the dismissal order and judgment were entered, the Court finds sufficient cause to rescind its dismissal order, vacate the judgment, and consider Jingles's Motion responding to the order to show cause. *See, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (explaining that a district court "possesses the inherent procedural power to reconsider, rescind, or modify" an order for sufficient cause).

## IV.  MOTION RESPONDING TO ORDER TO SHOW CAUSE

Jingles's Petition challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. *State of Nevada v. Michael DeMar Jingles*, Case No. CR18-2189.[2] On June 14, 2019, the state court entered a judgment of conviction, pursuant to a guilty plea, convicting Jingles of driving under the influence of alcohol. Jingles represents that he was sentenced to 48 to 120 months. (ECF No. 1-1 at 2.) No direct appeal was taken.

Jingles represents that he filed a state habeas petition on April 26, 2021, but it appears from the online docket records of the Second Judicial District Court that Jingles

---

[1]It does not appear that Jingles's affidavit was notarized. (ECF No. 10 at 5.)

[2]The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

3

1  only filed a motion to modify or correct his sentence on that date. The state court denied
2  that motion on June 30, 2021, and the Nevada Court of Appeals affirmed the denial on
3  December 29, 2021. On or about May 12, 2022, Jingles initiated this federal habeas
4  corpus proceeding. (ECF No. 7.)

5  Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

11  Jingles's conviction became final on the date in which the time for seeking direct review expired: July 15, 2019.[3] See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: July 16, 2019. Accordingly, the limitations period expired 365 days later on July 15, 2020. Jingles does not appear to have filed a state post-conviction petition, thereby tolling the federal limitations period. And even if the Court construed his motion to modify or correct his sentence as a state collateral review petition with respect to the pertinent judgment, that motion was not filed until 285 days after the federal limitations period already expired.

21  Therefore, absent another basis for tolling or delayed accrual, the statute of limitations expired on or about July 15, 2020, and the instant petition, filed on May 12, 2022, almost two years later, is untimely on its face. Jingles must show cause why the Petition should not be dismissed with prejudice as time-barred under § 2244(d).

25  Jingles appears to concede that his one-year statutory period under § 2244(d)(1) expired before the filing of his instant federal habeas petition, but he argues that he is

---

[3]For prisoners convicted in Nevada, a notice of appeal must be filed "with the district court clerk within 30 days after the entry of the judgment or order being appealed." Nev. R. App. P. 4(b)(1).

4

entitled to equitable tolling to excuse his failure to file within the one-year period. (ECF No. 10.) The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (expressly rejecting stop-clock approach for evaluating when petitioner must be diligent). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *See Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017). In other words, "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted).

Jingles argues that he is entitled to equitable tolling because his trial counsel never told him he had a right to file a direct appeal. (ECF No. 10 at 1.) Jingles explains that he informed his trial counsel at his sentencing hearing that he believed his sentence was wrong, and he then wrote letters and made phone calls to his trial counsel "to know what could be [done] about or causing [him] to receive such a harsh sentence." (*Id.* at 2.) However, his trial counsel failed to respond to his letters or phone calls. (*Id.*) Jingles also explains that his family members attempted to reach someone at the Washoe County Public Defender's Office to inquire about his sentence. (*Id.*) Jingles argues that the failure of his trial counsel to tell him about his right to appeal his judgment of conviction prevented him from timely submitting his federal petition. (*Id.* at 3.)

"Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of

excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011) (citing *Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003)); *see also Holland v. Florida*, 560 U.S. 631, 651 (2010) (attorney's professional misconduct could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling"). Indeed, the attorney's misconduct must be "a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation" to warrant equitable tolling. *Doe*, 661 F.3d at 1012 (citing *Spitsyn*, 345 F.3d at 801). Examples of egregious misconduct violating "fundamental canons of professional responsibility" include failures to perform reasonably competent legal work, communicate with clients, implement clients' reasonable requests, or inform clients of key developments in their cases, as well as the imperative "never to abandon a client." *Holland*, 560 U.S. at 652-53; *Porter v. Ollison*, 620 F.3d 952, 960 (9th Cir. 2010) (interpreting *Holland* to treat "violations of canons of professional responsibility" as evidence that attorney's conduct was "extraordinary").

However, where counsel's inaction had no effect on the timeliness of the petitioner's federal habeas filing, equitable tolling will not be warranted. *See United States v. Buckles*, 647 F.3d 883, 890-91 (9th Cir. 2011); *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) (holding that the petitioner's counsel's failure to file a timely notice of appeal from a state conviction "had little to no bearing on [the petitioner's] ability to file a timely federal habeas petition," rather, "[c]ounsel's failure . . . simply meant that [the petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing the petition").

Here, taking Jingles's allegations as true, his trial attorney's abandonment following sentencing and failure to advise him of his right to file a direct appeal is certainly an example of attorney negligence and potentially of professional misconduct. However, Jingles fails to "demonstrate[ ] the necessary causal link between counsel's alleged actions and the untimeliness of" his Petition. *See Buckles*, 647 F.3d at 890. The question before the Court is not whether Jingles's failure to timely file a notice of appeal should be excused; rather, the question before the Court is whether Jingles's failure to timely file his

Petition should be excused. Indeed, even though Jingles missed the 30-day deadline to file a notice of appeal based on his trial counsel's alleged misconduct, Jingles had one year following that missed direct-appeal deadline to file his Petition. Jingles's failure to file his Petition within this timeframe is not attributable to his trial counsel's alleged misconduct following his sentencing hearing.[4] As such, because Jingles has not demonstrated the necessary causal link between his trial counsel's alleged misconduct and the untimeliness of his federal petition, Jingles has not met the high threshold of demonstrating that his trial counsel's alleged misconduct amounts to an extraordinary circumstance warranting equitable tolling. *See Randle*, 604 F.3d at 1058; *Buckles*, 647 F.3d at 890; *Johnson v. Baca*, 2021 WL 920185, at *8 (D. Nev. Mar. 10, 2021 ("[E]ven if [counsel] had failed to file an appeal, equitable tolling would still not be warranted because her inaction had no effect on the timeliness of [petitioner's] federal petition.").

Further, Jingles fails to allege that he was reasonably diligent in pursuing his rights. *See Lott v. Mueller*, 304 F.3d 918, 922-23 (9th Cir. 2002) (stating that the district court must examine whether, notwithstanding the extraordinary circumstances, the petitioner could have filed a timely petition). Here, taking Jingles's allegations as true, he attempted to contact his trial counsel by phone and letter following his sentencing hearing. His family members also attempted to contact the Washoe Public Defender's Office during this time. However, these efforts appear to be limited to the time period following his sentencing hearing. In fact, 682 days passed between the entry of Jingles's judgment of conviction and the filing of his motion to modify his sentence, and 1,063 days passed between the entry of Jingles's judgment of conviction and the filing of his Petition. Accordingly, even though Jingles alleges that he was reasonably diligent in pursuing his rights while the impediment to filing his appeal existed, he has not met his burden of showing that this

---

[4]To the extent that Jingles argues a general lack of understanding of the statutory deadline for filing his Petition, the Ninth Circuit has held that the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

reasonable diligence extended up to the time of the filing of his Petition almost three years later. *See Smith*, 953 F.3d at 598-99.

In sum, Jingles's trial counsel's alleged misconduct did not have a causal connection to the untimeliness of the filing of his Petition. Further, Jingles has not demonstrated consistent reasonable diligence. Therefore, Jingles has failed to meet his burden of establishing that he is entitled to equitable tolling. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (explaining that the petitioner bears the burden of demonstrating that he is entitled to equitable tolling).

## V.     CONCLUSION

It is therefore ordered that the response (ECF No. 9) to the Court's dismissal order, which the Court construes as a motion to alter or amend the judgment, is granted. The Clerk of Court is directed to vacate the dismissal order (ECF No. 6) and vacate the judgment (ECF No. 8).

It is further ordered that the motion to allow equitable tolling and show cause under § 2244(d) (ECF No. 10) is denied.

It is further ordered that Jingles's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) is dismissed with prejudice as time-barred.

It is further ordered that Jingles is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly, dismissing this action with prejudice as time-barred, and close this case.

DATED THIS 19th Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE